Honorable Leif B. Erickson
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| GINGER HAGEMAN, | CAUSE NO. CV 06-09-M-LBE |
| Plaintiff, | FINDINGS AND RECOMMENDATION OF |
| vs. | U.S. MAGISTRATE JUDGE |
| RICHARD GEBHARDT, Plains City Attorney; CHIEF SHAWN EMMETT, Plains Police Dept.; ERNEST CAHALA, Plains Police Officer; JOE BROWN, County Coroner; LAURIE SHARP, Deputy Coroner; and ROBERT ZIMMERMAN, Sanders County Attorney, | |
| Defendants. | |

_____

Plaintiff has filed a Motion For Default Judgment.  A default judgment can be entered in a two-step process which first requires the entry of default.  Fed. R. Civ. P. 55(a).  The default can only be entered if the evidence establishes a defendant "has failed to plead or otherwise defend" as required by the rules.  *Id*.  The default judgment can then be entered only after the default is entered.  Fed. R. Civ. P. 55(b)(1) and (2).  *Bach v. Mason*, 190 F.R.D. 567, 574 (D. Idaho 1999).  There has been no entry of default by the Clerk of Court as to any

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

Defendant in this case as required to support a default judgment. Therefore, default judgment cannot be entered.

Despite the absence of the entry of default, Plaintiff argues default judgment is appropriate because Defendants have not timely responded to the filing and service of her Complaint. Plaintiff filed her Complaint on January 26, 2006, and the Court's records show that summonses were issued on April 4, 2006.

A defendant is required to answer a complaint within 20 days after service of the summons and complaint, or if service of the summons and complaint has been timely waived under Fed. R. Civ. P. 4(d) then a defendant has to file an answer within 60 days of the date the request for waiver was sent to the defendant.  Fed. R. Civ. P. 12(a) and 4(d)(3).

The different time limits above for filing an answer correspond to what the rules permit as alternative methods of service by either personal service, or by acknowledgment and waiver of service signed by the defendant.  Fed. R. Civ. P. 4(c) and (d).  Personal service requires service of the summons and complaint by any person who is not a party to the action and is at least 18 years of age, which service may be effected pursuant to the laws of Montana.  Fed. R. Civ. P. 4(c)(1) and (e).  If such personal service is effected then proof of such service shall be filed through an affidavit of the person effecting the service.  Fed. R. Civ. P. 4(l).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

Plaintiff argues Defendants were properly served when they received and signed for the certified mail delivery of the summons and complaint to Defendants in late January 2006. Plaintiff argues such personal service by the U.S. Postal Service mail carrier was proper under Fed. R. Civ. P. 4(c).  However, in Montana proper personal service cannot be accomplished by merely mailing a copy of the summons and complaint to Defendants. *Blaskovich v. Blaskovich*, 815 P.2d 581, 582 (Mont. 1991). Furthermore, as required by Rule 4(l) above, Plaintiff has not otherwise filed any proof of any personal service to establish when personal service was accomplished; there is no affidavit filed by any person who accomplished personal service.

Since proof of proper personal service does not exist, the Court will consider if and when the alternative method of acknowledgment and waiver of service was accomplished in this case as permitted by Fed. R. Civ. P. 4(d).  Plaintiff and Defendants Gebhardt, Emmett and Cahala agree those Defendants acknowledged service of the summons and complaint on April 13, 2006, and the request for such acknowledgment was dated March 1, 2006.  They filed their acknowledgment with the Court on April 14, 2006.  Therefore, as set forth above those Defendants had 60 days from March 1 to answer the complaint.  They have timely filed their answer on April 25, 2006.  Those Defendants are not in default and default judgment cannot be entered against them.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

Defendants Brown, Sharp and Zimmerman signed acknowledgments and waivers of service on April 26, 2006, which requests for waivers are dated April 8, 2006.  (Defs.' Response, Exs. A and B; Aff. of Norman Grosfield (May 3, 2006) at ¶ 3.)  Those Defendants filed their answer on May 15, 2006, within 60 days from April 8, 2006.  Therefore, they are not in default and default judgment cannot be entered against them.

Based on the foregoing the Court hereby enters the following:

## RECOMMENDATION

Plaintiff's Motion for Default Judgment should be **DENIED.**

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DONE and DATED this  22nd  day of May, 2006.

                             /s/ Leif B. Erickson
                             Leif B. Erickson
                             United States Magistrate Judge