```
                                            FILED
                                          MISSOULA, MT

                                        2006 JUL 20 PM 5 46

                                          PATRICK E. DUFFY
                                       BY _____
                                            DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

Ginger Hageman,

                Plaintiff,

vs.

Richard Gebhardt,
(Plains Town Attorney)
Chief Shawn Emmet,
(Plains Police Department)
Ernest Cahala,
(Plains Police Officer)
Joe Brown,
(County Coroner)
Laurie Sharp,
(Deputy Coroner)
Robert Zimmerman,
(Sanders County Attorney)
                Defendants.

CV-06-09-M-DWM

ORDER

---

Ginger Hageman,
Kent Wood,
Christine Wood,

                Plaintiffs,

vs.

Richard Gebhardt,
(Plains Town Attorney)
Chief Shawn Emmet,
(Plains Police Department)

CV-06-45-M-DWM

-1-

Ernest Cahala,
(Plains Police Officer)
Joe Brown,
(County Coroner)
Laurie Sharp,
(Deputy Coroner)
Robert Zimmerman,
(Sanders County Attorney)
Gene Arnold,
(Sanders County Sheriff)
                  Defendants.

## I.  Overview

This Order addresses Judge Leif B. Erickson's Findings and Recommendations from May 22, 2006 (dkt #18) and June 6, 2006 (dkt #22) in CV 06-09.  Judge Erickson entered these Findings and Recommendations before CV 06-09 and CV 06-45 were consolidated on July 14, 2006.  Plaintiff objected to the June 6, 2006 Findings and Recommendation but not to the May 22, 2006 Findings and Recommendation.

Because Plaintiff did not timely object to the May 2006 filing, she waived the right to de novo review of the record in that instance.  28 U.S.C. § 636(b)(1).  This Court will review the Findings and Recommendation for clear error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff did timely object to the June 2006 filing and she it therefore entitled to de novo review of the record there.  28

U.S.C. § 636(b)(1) (2000).

II. Analysis

   A.   The May 2006 Findings and Recommendation

   Judge Erickson correctly recommended denying Plaintiff's motion for default judgment. Hageman argues default judgment is warranted because Defendants did not timely respond to the filing and service of her Complaint. However, Hageman's use of the mail to serve Defendants does not suffice.[1] Hageman failed to serve Defendants under Federal Rules of Civil Procedure 4(c) and (e). Under Rules 4(c) and 12(a), if Hageman had complied with the dictates of personal service, Defendants would have had 20 days to respond. Instead, Rule 4(d) applies. Therefore the time to respond, 60 days, as set forth applies and Defendants met this deadline.

   Hageman filed her Complaint on January 26, 2006 and Court records show summons were issued on April 4, 2006. Hageman argues Defendants were properly served in late January when Defendants signed for receipt of the certified mail delivery of the summons and complaint. She asserts the United States Postal Service effected personal service upon Defendants pursuant to Rule 4(c). That is not valid. In Montana the Post Service is

---

[1] The Rules require service of the summons and complaint by a person who is not a party to the action and is at least 18 years of age. That person must subsequently submit an affidavit affirming proof of service pursuant to Rule 4(l).

not an avenue for effective personal service. *See Blaskovich v. Blaskovich*, 249 Mont. 248, 815 P.2d 581 (1991). Hageman has not otherwise established how she personally served Defendants—among other things, she has not filed an affidavit demonstrating compliance.

Upon review, Defendants complied with Rule 4(d). Gebhardt, Emmett, and Cahala agree they were served on April 13, 2006 after receiving a request for acknowledgment on March 1, 2006. They acknowledged receipt on April 14, 2006 and then filed their Answer on April 25, 2006. Brown, Sharp, and Zimmerman acknowledged and waived service on April 26, 2006. They filed their Answer on May 15, 2006. All Defendants filed an answer within 60 days as required. Consequently there is no default.

### B. The June Findings and Recommendation

Hageman also sought an entry of judgment because as she avers, Defendants did not timely answer where they failed to answer in their individual capacities. Judge Erickson's recommendation for denial is on the mark.

Hageman thinks that because Defendants answered in their official capacity, they have not answered in their individual capacities. While Defendants may be represented by attorneys who are associated with Defendants due to Defendants' official capacities, that does not mean those attorneys do not represent Defendants individually as well. Indeed, as Judge Erickson

noted, their Answers address all aspects of the claims filed. Hageman is in error.

In this instance Hageman objected, stating that as a tax payer she should not be providing the funds that may contribute to the defense of Defendants. This point has no merit in the question before the Court. She further contends that she did not consent to Magistrate Judge Erickson. That is correct, but the Court referred the case to Judge Erickson with the condition that it would rule on Judge Erickson's Findings and recommendation.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Erickson's Findings and Recommendations are adopted in full.

IT IS FURTHER ORDERED that Plaintiff's motion for default judgment (dkt #9) is DENIED; and

IT IS FURTHER ORDERED that Plaintiff's motion for entry of judgment (dkt #20) is DENIED.

DATED this _____ day of July, 2006.

Donald W. Molloy, Chief Judge
United States District Court