**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

GINGER HAGEMAN,

                                      CAUSE NO. CV 06-09-M-DWM

                  Plaintiff,

       vs.
                                  FINDINGS AND
DANIEL BATES, Mayor for City of Plains;    RECOMMENDATION OF
RICHARD GEBHARDT, Plains City Attorney;   U.S. MAGISTRATE
CHIEF SHAWN EMMETT, Plains Police Dept.;  JUDGE
ERNEST CAHALA, Plains Police Officer;
JOE BROWN, County Coroner;
LAURIE SHARP, Deputy Coroner; and
ROBERT ZIMMERMAN, Sanders County Attorney,

                  Defendants.

_____

GINGER HAGEMAN,
KENT WOOD, and                      CAUSE NO. CV 06-45-M-DWM
CHRISTINE WOOD,

                 Plaintiffs,            FINDINGS AND
                                 RECOMMENDATION OF
       vs.                          U.S. MAGISTRATE
                                  JUDGE
DANIEL BATES, Mayor for City of Plains;
RICHARD GEBHARDT, Plains City Attorney;
CHIEF SHAWN EMMETT, Plains Police Dept.;
ERNEST CAHALA, Plains Police Officer;
JOE BROWN, County Coroner;
LAURIE SHARP, Deputy Coroner;
ROBERT ZIMMERMAN, Sanders County Attorney; and
GENE ARNOLD, Sanders County Sheriff,

                  Defendants.

_____

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 1

Pending before the Court in these consolidated actions are the parties' cross motions for summary judgment.  Having reviewed the motions, briefs, and evidentiary materials submitted in support thereof, the Court hereby enters the following:

**RECOMMENDATION**

1.  The Plaintiffs' Motion for Summary Judgment should be **DENIED.**

2.  The Defendants' separate summary judgment motions should be **GRANTED.**

3.  The Court should decline to exercise supplemental jurisdiction over any state law claims presented in this case, and this action should be **DISMISSED.**

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

**IT IS FURTHER ORDERED** Defendants Brown, Sharp, Zimmerman, and Arnold's Motion to Strike, which identifies numerous procedural defects in the Plaintiffs' Motion for Summary Judgment, is **DENIED** as moot.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 2

DATED this ____6th____ day of March, 2007.


                                   /s/ Jeremiah C. Lynch
                                  Jeremiah C. Lynch
                                  United States Magistrate Judge


## **RATIONALE**

## I.  **INTRODUCTION**

This case has its genesis in the February 2, 2005 death of Keith Earl Wood, which occurred in the City of Plains located in Sanders County, Montana.  The cause of death was a fatal gunshot wound to the head.  The death was investigated by law enforcement officers of the City of Plains who ultimately determined the gunshot wound causing death was self-inflicted.

The Plaintiffs, proceeding *pro se*, are the mother (Ginger Hageman), brother (Kent Wood), and sister (Christine Wood) of the decedent.  The gravamen of the Plaintiffs' complaint is two-fold.  First, the Plaintiffs apparently disagree with the official conclusion that Keith Wood's death was a suicide, and assert the named Defendants should be held liable for failing to adequately investigate the death.  Second, the Plaintiffs contend that Defendants are responsible for either the intentional or

negligent loss of numerous items of Keith Wood's personal property.[1]

The Plaintiffs assert the conduct of the Defendants in allegedly failing to adequately investigate the death, and protect the personal property of Keith Wood operated to deprive the Plaintiffs of their rights to due process and equal protection of the law as guaranteed by the Fourteenth Amendment of the United States Constitution.

Accordingly, the Plaintiffs seek to hold the various Defendant law enforcement officers and public officials liable for monetary damages pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1983.  Federal question jurisdiction exists over the Plaintiffs' claims under 28 U.S.C. § 1331.[2]

## II.  BACKGROUND AND PLAINTIFFS' ALLEGATIONS

### A.  Events on the Night of Keith Wood's Death

The events surrounding Keith Wood's death which spawned this lawsuit occurred on February 2, 2005.  Although the Plaintiffs identify various discrepancies in the reports of the events that

---

[1]The items of property include a watch and gold necklace that Plaintiffs claim were on the body of Keith Wood, and an autographed baseball which was allegedly in Wood's pick-up truck located at the crime scene.

[2]The Plaintiffs also advance allegations that the Defendants' conduct violated the rights secured them by the Montana Constitution and Montana statutory law, thereby invoking the supplemental jurisdiction of this Court and 28 U.S.C. § 1367.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 4

occurred that night, the basic facts taken from the Plaintiffs'
November 6, 2006 Statement of Genuine Issues, or Uncontested
Issues of Material Facts, and the exhibits attached thereto, are
as follows:

An unknown female telephone the local Plains Police dispatch
at 2:10 a.m. on February 2 to report multiple gunshots to a
victim.  Defendant Joe Brown received the phone call.  Brown then
contacted Police Chief Defendant Shawn Emmett, and dispatched
ambulance services and city police officer Defendant Ernest
Cahala to the scene.

Defendants Brown, Emmett and Cahala all arrived at the scene
at some point in time.  Emmett and Cahala found one victim,
Willie Burrel, on the ground outside the residence.  Mr. Burrel
reportedly suffered 8 gunshot wounds and was taken to the
hospital.

The Defendants also found Keith Wood's body inside the
residence at the scene of the shooting.  Emmet found a Glock semi
automatic pistol near Keith's body, and discovered Keith was shot
in the head.

Defendants made observations of physical evidence at the
scene of the shootings, collected various items of evidence, and
took statements from witnesses at the scene.  Defendants'
responses to Plaintiffs' discovery requests attached to the
Plaintiffs' Statement of Genuine Issues state that based on the

evidence at the scene and the statements of the witnesses Defendants Emmett and Cahala believed Keith committed suicide.

Keith's vehicle was at the scene of the shootings. Defendants allegedly opened the vehicle, searched it, and left it open to the public.  The autographed baseball was allegedly inside Keith's vehicle.

The Defendants' summary judgment statements provide further background information.  Witnesses at the scene identified the body as that of Keith Wood.  Following the initial investigation Keith's body was turned over to Defendant Joe Brown, the Sanders County Coroner.  Defendant Brown concluded there was no need for an autopsy on Keith's body, and Defendants Brown, Sharp, Zimmerman, and Arnold did not order or request a coroner's inquest.  Keith's body was subsequently taken to Missoula to a funeral home.

## B.  Plaintiffs' Allegations

The Defendants are all city or county officers in Plains and Sanders County.  Defendant Emmett is the Chief of Police for the City of Plains, and Defendant Cahala is a Plains City Police Officer.  Defendant Brown is the Sanders County Coroner, and Defendant Sharp is the Deputy Coroner of Sanders County. Defendant Zimmerman is the County Attorney for Sanders County, and Defendant Arnold is the Sanders County Sheriff.

The Plaintiffs' allegations against Defendants Emmett, Cahala, Brown, Sharp, Zimmerman and Arnold are substantially identical.  Plaintiffs identify various city and county policies and procedures which govern these Defendants' conduct and their investigations of crimes and deaths.  These Defendants are responsible for enforcing and following those policies and procedures, but they generally failed to do so in this case.  The Defendants had a mandatory duty to investigate the nature and cause of Keith Wood's death, but they failed to properly perform an appropriate investigation as required under the circumstances of this case.  The Plaintiffs identify numerous specific aspects of these Defendants' investigations which the policies and procedures required them to perform, but which they either did not perform, or inadequately performed.  The Plaintiffs believe the Defendants improperly jumped to the conclusion that Keith committed suicide without any investigation to support that conclusion.  Therefore, these Defendants violated the Plaintiffs' due process and equal protection rights.

The Plaintiffs also allege Defendants, Emmett, Cahala, Brown, Sharp, Zimmerman, and Arnold allowed items of Keith Wood's personal property to be taken which have not been returned to Keith Wood's family.  The property items include an autographed baseball, a watch, and a gold necklace.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 7

The Plaintiffs separately allege Defendants Zimmerman and Arnold breached additional duties.  Zimmerman and Arnold failed to perform any type of investigation, failed to release Keith's personal property items, and failed to investigate the disappearance of those items.  They also did not order a coroner's inquest as required under state law, and they otherwise failed in all aspects of their duties as the County Attorney and the County Sheriff.

Defendant Gebhardt is the City Attorney for Plains.  The Plaintiffs allege he had a duty to investigate any death in the city, but he failed to do so.  The Plaintiffs also allege he failed to release Keith Wood's personal property items and failed to investigate the disappearance of those items.  Gebhardt failed to order a coroner's inquest as required under state law, failed to assist the Plaintiffs in finding "closure", and otherwise failed in all aspects of his duties in his capacity as the City Attorney for Plains.

The Plaintiffs also set forth additional allegations against Defendants Emmet, Arnold, and Bates in their capacities as supervisors of other city and county officers.  As the Chief of Police, Emmett is responsible for other city officers' conduct, including Cahala's conduct.  Similarly, Arnold is responsible for the actions of the Deputy Sheriff officers and the County Coroner.  Finally, Defendant Daniel Bates is the Mayor of the

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 8

City of Plains, and he is liable for the conduct of the other officers of the City of Plains simply due to his position as Mayor, and because he is responsible for enforcing city policies and procedures.  Therefore, Defendants Emmett, Arnold, and Bates are liable under the doctrine of respondeat superior for the conduct of the officers under their supervision.

### III.  APPLICABLE LAW - SUMMARY JUDGMENT STANDARDS

A party moving for summary judgment bears the burden of demonstrating "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A movant may satisfy that burden where the documentary evidence produced by the parties permits only one conclusion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party.  *Id.* at 252.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met his initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, at 248.  The nonmoving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions.  *Id*.

Finally, in civil rights cases, and in the context of a motion for summary judgment where a litigant is proceeding *pro se*, the Court has an obligation to construe the pleadings liberally and to afford the *pro se* litigant any benefit of the doubt.  *Baker v. McNeil Island Corrections Center*, 859 F.2d 124, 127 (9th Cir. 1988).

## IV.  DISCUSSION

While the Plaintiffs contend the Defendants' alleged actions and/or omissions violated the Plaintiffs' federal constitutional rights, and may have violated certain state laws, they do not clearly articulate the precise bases of their legal claims for relief.  However, having reviewed the Amended Complaint, the Plaintiffs' summary judgment motion and brief, and the Plaintiffs' briefs in response to the Defendants' summary judgment motions, the Court construes all of the Plaintiffs' arguments and contentions as falling into two categories:  The Plaintiffs contend Defendants are liable for (1) inadequately

investigating the death of Keith Wood; and (2) allowing or causing the loss of Keith Wood's items of personal property items to occur.  The Plaintiffs contend the Defendants' conduct relative to these two subjects violated their constitutional rights to both due process and equal protection.[3]

In response to this lawsuit, Defendants have briefed numerous legal, factual, and pleading defects which may potentially bar the Plaintiffs from any legal relief in this action.  Those alleged defects are so numerous it would be inefficient and ineffective for the Court to identify and address each such defect.  Therefore, in the interest of judicial economy, and because the law favors resolution of legal claims on their merits, the Court will not take time to address all the defects the Defendants have identified.  Instead, the Court will assume, without deciding, that the Defendants' challenges as to all of the various defects lack merit and it will proceed to address the merits of the Plaintiffs' substantive legal claims for relief.

---

[3]The Court notes the Plaintiffs' briefing could be construed as alleging new or different factual and legal claims that do not exist in the Plaintiffs' Amended Complaint.  However, the Plaintiffs will be limited to the legal claims set forth in their Amended Complaint.  A party may not assert a new theory of recovery during summary judgment proceedings.  *Harry A. v. Duncan*, 351 F. Supp. 2d 1060, 1067 (D. Mont. 2005).

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 11

### A.   Claims Under 42 U.S.C. § 1983

The Plaintiffs' due process and equal protection claims under the U.S. Constitution can only be pursued against Defendants under 42 U.S.C. § 1983.  "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (citations omitted).

In general, to establish a claim under 42 U.S.C. § 1983 a "plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right.'"  *Harry A. v. Duncan*, 351 F. Supp. 2d 1060, 1072 (D. Mont. 2005) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  *See also Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 liability requires proof that a defendant's deliberate or affirmative act or omission caused the unconstitutional deprivation.  *Harry A.*, at 1072 (citing *Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989)).  *See Daniels v. Williams* 474 U.S. 327, 330-332 (1986) (concluding mere negligent conduct is insufficient for a claim under § 1983).

Defendants are city and county officials sued in their individual and official capacities for conduct allegedly arising out of the authority of their official positions.  Therefore, they are individuals acting under color of state law for purposes of § 1983.  The issue to be resolved is whether there is any merit to the Plaintiffs' claims that Defendants deprived them of any rights arising under the U.S. Constitution.  The only rights at issue are the Plaintiffs' rights to due process and equal protection.

## B.  Inadequate Investigation

The substance of most of the Plaintiffs' allegations and summary judgment motion focuses on the Defendants' alleged failures in properly and adequately investigating the circumstances surrounding Keith Wood's death.[4]  Throughout their pleadings and briefs the Plaintiffs identify discrepancies in various items of evidence or witness testimonies Defendants should have clarified, inadequate witness interviews Defendants conducted, the absence of ballistics tests, the absence of forensic testing on bullets or shells, the absence of tests to determine whether another individual at the scene fired a weapon, the absence of powder burn tests, and the failure to secure the crime scene against any alterations.  The Plaintiffs suggest

---

[4]*See e.g.* Pls.' Mot. For Summary Judgment at 33.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 13

Defendants should have conducted further investigations, and that certain aspects of their investigations should have been conducted differently.  The Plaintiffs contend the Defendants' various failures and inactions constituted violations of mandatory city or county policies or procedures, and violated the Plaintiffs' constitutional rights.

Although the Plaintiffs are adamant that Defendants are liable for their inadequate criminal investigations in this case, the law simply does not recognize any legal cause of action against Defendants for their alleged conduct.  Even if a plaintiff could establish, as a factual matter, that law enforcement officers conducted an inadequate criminal investigation such a plaintiff cannot sustain a viable legal claim under 42 U.S.C. § 1983.  *Chang v. Shin*, 2002 WL 1299873, *7 (C.D. Cal. 2002).

In *Gomez v. Whitney*, 757 F.2d 1005 (9th Cir. 1985) the Ninth Circuit Court of Appeals confirmed there is no legal cause of action against law enforcement officers for their conduct in inadequately investigating alleged criminal conduct.  In *Gomez* the plaintiffs' child died in an accident while trespassing, and the plaintiffs sued the law enforcement officers involved in the case for their alleged inadequate investigation of their child's death.  *Id*. at 1005-6.  The Ninth Circuit stated

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 14

we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.

*Gomez*, at 1006.

Federal law clearly establishes there is no viable legal claim under 42 U.S.C. § 1983 for a law enforcement officer's inadequate investigation of an alleged crime. State officials have no duty under federal law to victims of crimes, or to families of crime victims, to conduct a criminal investigation in the manner demanded by the victim or the families, even if law enforcement officers' conduct is not in compliance with governing policies and procedures. *Chang*, at *7. Police officers have no affirmative duty to a plaintiff to investigate a crime in a particular way. *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994). Law enforcement officers' failure to investigate a crime does not rise to the level of a violation of any constitutional right. *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). *See also Cobble v. Maze*, 2006 WL 2375594, *1 (W.D. Ky. 2006) (concluding the plaintiff had no cognizable claim under § 1983 when law enforcement officers failed to conduct an investigation on the plaintiff's criminal complaint). *Hall v.*

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 15

*Santa Rosa C.I.*, 2007 WL 474370, *7 (N.D. Fla. 2007) (concluding state officials have no duty to a member of the public to investigate and prosecute crimes committed against that person).

Based on the foregoing, the Plaintiffs' claims regarding Defendants' alleged inadequate criminal investigations in this case must be dismissed.  Even if the Plaintiffs could prove specific aspects of the Defendants' investigations were defective and in violation of applicable policies or procedures, federal law does not give the Plaintiffs a legal cause of action against the Defendants for their defective investigations.  Accordingly, these claims should be dismissed.

### C.  Return of Keith Woods Personal Property Items

The Plaintiffs seek to recover, or to obtain compensation for, lost items of Keith Wood's personal property which the Plaintiffs believe were taken from the scene where Keith died. The items include money, a gold necklace, a watch, and an autographed baseball.  The Plaintiffs suggest that either the Defendants took the personal property items, or the Defendants failed to secure these items of personal property from theft by other private citizens.  The Plaintiffs state that some of the personal property items were in Keith's vehicle at the scene of his death, and that the Defendants searched the vehicle but left the vehicle unlocked and open to the public.  Therefore, the

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 16

Defendants allegedly are liable for the loss of the personal property.

To the extent the Plaintiffs seek to hold the Defendants liable for failing to secure Keith's personal property from theft by other members of the public, the Plaintiffs cannot state a cognizable legal claim for relief under § 1983.  Although the Due Process Clause of the U.S. Constitution prohibits the State from depriving any person of life, liberty, and property without due process of law

> **nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors**. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.  It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.

*DeShaney v. Winnebago County Dept. Of Social Services*, 489 U.S. 189, 195-96 (1989) (emphasis added).  *See also Gini v. Las Vegas Metropolitan Police Dept.,* 40 F.3d 1041, 1045 (9th Cir. 1994); *Balistreri v. Pacific Police, Dept.,* 901 F.2d 696, 699-700 (9th Cir. 1990).

The Plaintiffs suggest the Defendants are liable for leaving Keith Wood's personal property unsecured either inside the residence at the scene of Keith's death, or in his vehicle. However, in accordance with *DeShaney* the Defendants cannot be

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 17

held liable under 42 U.S.C. § 1983 for any theft of Keith's personal property items committed by other members of the public. The Defendants are not obligated under the U.S. Constitution to secure private citizens' personal property from theft by other private citizens.  Therefore, this claim should be dismissed.

The Court recognizes there are limited situations where state officials could have a duty to protect certain citizens against certain crimes, but such a duty may only exist if a special relationship exists between a state official and the citizen. *Balistreri*, at 700.  To determine whether a special relationship exists

> a court may look to a number of factors, including (1) whether the state created or assumed a custodial relationship toward the plaintiff; (2) whether the state affirmatively placed the plaintiff in a position of danger; (3) whether the state was aware of a specific risk of harm to the plaintiff; or (4) whether the state affirmatively committed itself to the protection of the plaintiff.

*Balistreri*, at 700.

The Plaintiffs have presented no evidence in support of any of the four factors identified above.  There is no evidence of a custodial relationship toward Plaintiffs or Keith Wood, that Defendants affirmatively placed any personal property in any position of danger, that Defendants were aware of any specific risk of loss of any personal property, or that Defendants affirmatively committed to protect any personal property.  Absent a special relationship Plaintiffs cannot establish Defendants

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 18

violated any due process right by failing to protect any personal
property from theft. *Balistreri*, at 700. Therefore, the
Plaintiffs' due process claims should be dismissed.

In the alternative, the Plaintiffs believe the Defendants
took the items of personal property and, therefore, are liable
for violating the Plaintiffs' due process or equal protection
rights. The Court will consider the Plaintiffs' claims under
each legal theory.

### 1.   Due Process

The Due Process Clause of the Fourteenth Amendment to the
U.S. Constitution applies only when a constitutionally-protected
liberty or property interest is at stake, and with which a state
actor has interfered. *Erickson v. United States*, 67 F.3d 858,
861 (9th Cir. 1995). The Constitution prohibits the government
from depriving any person of liberty or property without due
process of law. The due process inquiry is twofold: (1) the
Court must determine whether there exists a liberty or property
interest which the state actor has violated; and (2) the Court
must then determine whether the procedures provided were
constitutionally sufficient. *Kentucky Department of Corrections
v. Thompson*, 490 U.S. 454, 460 (1989); *Thornton v. City of St.
Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005).

To succeed on their due process claim relative to the loss
of Keith Wood's personal property items, the Plaintiffs must

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 19

establish the Defendants violated their due process rights by taking and refusing to return the various items of property.  The Defendants directly involved in the investigation state they did not remove any personal property items from the scene and they do not have possession of those items.[5]

In response the Plaintiffs have not presented any evidence affirmatively establishing any of the Defendants took any of Keith Wood's personal property.  Rather, the Plaintiffs simply rely on the mere allegations in their pleading and briefs.  Their arguments, briefs and exhibits do not even raise a genuine issue of material fact on which a jury could rely to find that the Defendants took any property.  The Plaintiffs attempt to implicate the Defendants by submitting evidence which would establish that the items of personal property were at the scene of Keith's death, that the items are now missing, and they have not been returned to the Plaintiffs.  The Plaintiffs' then speculate that since the items are now missing the Defendants must have taken them.[6]

As stated above, a party opposing summary judgment must identify evidence establishing that a dispute as to a particular

_____

[5]Joint Statement of Undisputed Facts of Defendants Bates, Gebhardt, Emmett and Cahala at ¶¶ 26-27, 29-31, 34; Defendants Brown, Sharp, Zimmerman, and Arnold's Statement of Uncontroverted Facts at ¶¶ 14 and 17.

[6]*See e.g.* Plaintiffs' Special Traverse at 27-28.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 20

material fact is genuine.  *Matsushita Electric Industrial Co.,*
*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The
opponent "must do more than simply show that there is some
metaphysical doubt as to the material facts."  *Id*.  The party
opposing the motion "may not rest upon the mere allegations or
denials of his pleading, but . . . must set forth specific facts
showing that there is a genuine issue for trial."  *Anderson v.*
*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Plaintiffs have not presented any evidence to suggest
the Defendants took the subject items of personal property.  The
Plaintiffs' unsubstantiated speculation on the matter is not
sufficient to establish a genuine issue of fact to preclude
summary judgment.  *Nelson v. Pima Community College*, 83 F.3d
1075, 1081-82 (9th Cir. 1996).  The Plaintiffs' due process
claims should be dismissed.

## 2.  Equal Protection

To state an equal protection claim under 42 U.S.C. § 1983 "a
plaintiff must show that the defendants acted with an intent or
purpose to discriminate against the plaintiff based upon
membership in a protected class."  *Thornton*, 425 F.3d at 1166
(quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.
2001)).

Plaintiffs have not even attempted to establish either their
membership in a protected class, or the Defendants' requisite

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 21

discriminatory intent.  Even assuming, without deciding, Plaintiffs somehow are members of some protected class, there simply is no evidence offered, submitted, or argued by Plaintiffs to even suggest that Defendants acted with a discriminatory intent towards them.  Absent evidence of any discriminatory intent Plaintiff cannot establish an equal protection claim. *Thornton*, at 1167. *Id*.  Plaintiffs' equal protection claim should be dismissed.

### D.  Supplemental Jurisdiction Over State Law Claims

Based on the foregoing, all of Plaintiffs' federal claims should be dismissed leaving only claims potentially alleging violations of state law.  State law claims, however, cannot support this Court's jurisdiction under 28 U.S.C. § 1331 as they do not raise any federal questions.  Therefore, the Court must consider whether it should exercise supplemental jurisdiction over the state law claims tacitly advanced by the Plaintiffs' Amended Complaint.

28 U.S.C. § 1367 provides that where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"  28 U.S.C. § 1367(a).  However, the district court may decline to exercise supplemental jurisdiction for various reasons stated in the

statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).  Supplemental jurisdiction under 28 U.S.C. § 1367(c) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Assuming the district court dismisses Plaintiffs' federal claims as recommended herein, the Court should also decline to exercise supplemental jurisdiction over the Plaintiffs' state law claims pursuant to § 1367(c)(3).  At bottom, the Plaintiffs' Amended Complaint charges the various local officials should be held liable for misfeasance in the performance of their statutory obligations.  These allegations of official misfeasance are more properly addressed in the courts of the State of Montana.

## V.  CONCLUSION

Plaintiffs have failed to establish any meritorious due process or equal protection claim, or any other cognizable federal claim, arising under the U.S. Constitution.  The Court should decline to exercise supplemental jurisdiction over any state law claims that may exist in this case, and this entire action should be dismissed.