FILED
MISSOULA, MT

2007 MAR 23 PM 2 41

PATRICK E. DUFFY
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GINGER HAGEMAN, | CV-06-09-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| DANIEL BATES; Mayor for City of Plains; RICHARD GEBHARDT, Plains City Attorney; CHIEF SHAWN EMMITT, Plains Police Department; ERNEST CAHALA, Plains Police Officer; JOE BROWN, County Coroner; LAURIE SHARP, Deputy Coroner; and ROBERT ZIMMERMAN, Sanders County Attorney; | |
| Defendants. | |
| GINGER HAGEMAN, KENT WOOD, and CHRISTINE WOOD, | CV-06-45-M-DWM |
| Plaintiffs, | |
| vs. | |
| DANIEL BATES; Mayor for City of Plains; RICHARD GEBHARDT, Plains City Attorney; CHIEF SHAWN EMMITT, Plains Police Department; ERNEST CAHALA, Plains Police Officer; JOE BROWN, County Coroner; LAURIE SHARP, Deputy Coroner; | |

ROBERT ZIMMERMAN, Sanders County )
Attorney; and GENE ARNOLD, Sanders )
County Sheriff, )
)
                      Defendants. )

## I. Introduction

Plaintiffs brought suit pursuant to 42 U.S.C. § 1983 against various state and local officials, asserting claims arising from the death of Keith Earl Wood. Plaintiffs allege Defendants violated their constitutional rights to due process and equal protection of the law by inadequately investigating the death of Wood and allowing or causing the loss of various items of Wood's personal property. Plaintiffs also assert state law claims.

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on the parties' cross-motions for summary judgment on March 6, 2007. Judge Lynch recommended denying Plaintiffs' motion for summary judgment and granting Defendants' separate motions for summary judgment. Plaintiffs filed timely objections to Judge Lynch's Findings and Recommendation on March 16, 2007. Thus, Plaintiffs are entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. The parties are familiar with the factual background and procedural history, so they will not be restated here.

## II. Analysis

Judge Lynch recommended granting Defendants' motions for summary judgment with respect to Plaintiffs' claims challenging the adequacy of the investigation into Wood's death. Relying on Gomez v. Whitney, Judge Lynch determined an inadequate investigation alone is not sufficient to state a civil rights claim. 757 F.2d 1005, 1006 (9th Cir. 1985) (concluding plaintiffs' claim that their due process rights were violated because police officers did not conduct a full and fair investigation into the death of their son was not cognizable under § 1983). In their objections, Plaintiffs argue there is evidence to suggest Wood did not commit suicide. Plaintiffs also reference various inconsistencies in the circumstances surrounding Wood's death. These inconsistencies, however compelling, do not save Plaintiffs' suit. Even if Plaintiffs could establish that the investigation conducted by law enforcement officers was inadequate, § 1983 does not provide a remedy because an inadequate investigation does not violate federal constitutional or statutory law.

Judge Lynch also recommended granting summary judgment for Defendants on Plaintiffs' claim that Defendants failed to secure Wood's personal property from theft by members of the general public. Judge Lynch observed that law enforcement officers generally do not have a duty to protect a person's property from

invasion by private actors. See DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195-96 (1989). Although Judge Lynch recognized this general rule has exceptions, he determined Plaintiffs had not presented any evidence that the exceptions applied in this case. Because Plaintiffs fail to offer any additional evidence or argument in their objections to suggest the exceptions apply, I agree with Judge Lynch's determination that Defendants did not have a duty to protect Wood's personal property from theft by the public.

Plaintiffs' last claim for relief alleges Defendants themselves took Wood's personal property and thus are liable for violating Plaintiffs' due process and equal protection rights. Judge Lynch recommended granting Defendants' motions for summary judgment on this claim, concluding Plaintiffs had failed to raise a genuine issue of material fact demonstrating that Defendants took the property or that Defendants acted with discriminatory intent.[1] In their objections, Plaintiffs attempt to create a factual dispute with regard to whether Defendants took Wood's property by arguing Defendants were the only persons at the scene of the incident. Nevertheless, in the same breath, Plaintiffs acknowledge three other persons were present at the scene for a short time before going to the hospital. Because Plaintiffs'

---

[1] Judge Lynch also correctly noted Plaintiffs have not established that they are members of a protected class as required to succeed on an equal protection claim.

mere speculation that Defendants took the property is not sufficient to establish a genuine issue of material fact, Judge Lynch rightly recommended granting summary judgment to Defendants.  See Nelson v. Pima Community College, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

Finally, Judge Lynch determined the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.  A district court has discretion to decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367.  As discussed above, I agree with Judge Lynch's recommendation to grant Defendants' motions for summary judgment with respect to Plaintiffs' claims under § 1983.  Because all of the claims over which this Court has original jurisdiction are being dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full.  Plaintiffs' Motion for Summary Judgment is DENIED.  Defendants' separate summary judgment motions are GRANTED.  The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

IT IS FURTHER ORDERED that this case is DISMISSED and the

trial set for April 16, 2007 is VACATED.

The Clerk of Court is directed to enter judgment in favor of Defendants on Plaintiffs' § 1983 claims.

Dated this 23rd day of March, 2007.

_____
Donald W. Molloy, Chief Judge
United States District Court